STATE OF MISSOURI, TO THE USE OF VALENTINE & CO., Plaintiff in Error, *v.* EMILE THOMAS ET AL., Defendants in Error.

May 13, 1879.

1. Partnership creditors have no lien, as such, upon partnership property for the payment of partnership debts.

2. A partner who has purchased and become sole owner of goods which were before partnership property, is entitled to exemption in the goods, though at the time the debt sued for was contracted they were partnership property.

3. Where goods seized under execution are claimed by a third party, and an exemption claim is made by the defendant, the fact that the plaintiff has given an indemnifying bond against the claim of the third party imposes no duty upon the sheriff to withhold the goods from the defendant to await the determination of the question as to the validity of the third party's claim.

ERROR to St. Louis Circuit Court.

*Affirmed.*

E. W. CROZIER, for plaintiff in error : The sheriff should have retained the property until the claimants' respective rights were determined. — *Howard* v. *Clark,* 43 Mo. 344 ; *Bradley* v. *Holloway*, 28 Mo. 150 ; *The State* v. *Farber*, 37 Mo. 71. The property was partnership property, and not subject to exemption. — *Massey* v. *Scott*, 49 Mo. 278 ; *Sheedy* v. *Bank*, 62 Mo. 22 ; *Perry* v. *Wilson*, 63 Mo. 493.

FINKELNBURG & RASSIEUR, for defendants in error : While the partnership exists, the creditors have no equity or lien at all. — Story on Part., sect. 358. And if, upon a dissolution, the assets are transferred to one of the partners, they become his individual property, free from any lien or equity of the joint creditors. — Story on Part., sects. 358, 359 ; *Ex parte Ruffin*, 6 Ves. 119 ; *City of Magnoketa* v. *Willey*, 35 Iowa, 330 ; *Giddings* v. *Palmer*, 107 Mass. 269 ; *Allen* v. *Centre Valley Co.*, 21 Conn. 130 ; Pars. on Part. *346, note *g*.

BAKEWELL, J., delivered the opinion of the court.

This is an action against the sheriff and the sureties on his official bond, for damages for an illegal release of property seized by attachment. The judgment below was for the defendants. The case has been carefully argued, both orally and in writing, by counsel for the plaintiff in error ; he has, however, omitted to file a statement of the case. The record has been laudably abridged by stipulation. It seems to contain all facts essential for a determination of the cause. They are substantially as follows : —

Valentine & Brothers sued John S. and Henry Knox by

attachment, on March 7, 1877, and seized all the property in their store. There was service on John Knox; Henry Knox was not found, and the action was dismissed as to him. The appraised value of the property thus seized was $592. One Prickett claimed a portion of these goods, of the appraised value of $323. His claim was as trustee of a deed of trust to secure a note for $780. This deed was executed on December 13, 1876, by John and Henry Knox. The plaintiffs gave to the sheriff an indemnifying bond against this claim of Prickett. On the next day, John Knox, the only defendant served, filed a written claim with the sheriff, in which he states that the firm of Knox Brothers, composed of the defendants in the attachment, was dissolved on January 1, 1877, and notice duly published of the fact; that Henry Knox never had any real interest in the firm, being a mere clerk of his nominal partner, John Knox; that the claimant is the absolute and sole owner of all the property levied upon, except that part included in deeds of trust, which he owns subject to the debts so secured; that the claimant is the head of a family; that he chooses and claims as exempt all the property levied upon not included in the deeds of trust, the one under which the claim was made and another in favor of Lambert; and also claims, as against the plaintiffs in the attachment, exemption in all the property levied upon and mentioned in the deeds of trust, after the amounts secured by the deeds are paid. Under this claim the sheriff returned property of the appraised value of $400 to the claimant. Other property appraised at $75 was returned to another claimant by the direction of the plaintiffs. The sheriff retained in his hands property to the appraised value of $80, claimed by Prickett; and the plaintiffs withdrew the bond filed by them for double the amount of Prickett's claim, and substituted a bond for $160, double the value of the property actually remaining in the sheriff's hands. There was a finding and judgment.

for the plaintiffs, and they bring the cause here by writ of error.

It is not necessary to set out the instructions. The facts are not disputed. Those stated in the affidavit of the claimant form, by stipulation, a part of the facts submitted to the court. The sheriff took the goods from the sole possession of the defendant John Knox; and he had acquired, before the attachment, any interest in them which his former partner ever had. The property was not partnership property at the date of the levy. The sheriff was bound to pass at once upon the claim to exemption. As to any claim' that Prickett might have to goods claimed as exempt, the sheriff had nothing to do with that. He restored the goods to the former possessor, subject in every respect to any claim of Prickett. As to the rights of the plaintiffs in the attachment, if the property delivered to the defendant was the only property that he claimed to own, or in which he had any interest, it was clearly exempt from execution for his debts. The sheriff, in restoring this property to the defendant in the attachment, from whom he took it, did not pass upon the validity of Prickett's claim; nor could the giving of an indemnifying bond by the plaintiffs in the attachment oblige the sheriff to retain possession of property exempt by statute, until the rights of rival claimants should be adjusted.

The contention of the plaintiffs seems to be this: On December 13, when the conveyance of this property to Prickett was made, the property was not exempt, because it was partnership property. The plaintiffs' claim existed on January 10, and the deed to Prickett was not recorded until the 23d. The property, therefore, passed to Prickett as partnership property; and if, in a contest between the attaching creditor and Prickett, it should have been shown that Prickett's deed was a sham, and in fraud of creditors, then, as partnership property, the goods described in that

deed might have been sold under the attachment. But the
partnership creditors had no lien upon these goods; and
when, upon dissolution, they became the sole property of the
partner carrying on the business, they were no longer part-
nership property. There is no judgment against Henry
Knox. The only judgment is against John Knox, and
nothing could be sold under that judgment except some
interest of John Knox. It seems very clear that, whether
John Knox had or had not any interest in these goods, the
sheriff is not liable. If he had an interest, it could not ex-
ceed his exemption, for the total value of the goods released
to him did not exceed the amount to which he was entitled;
if he had no interest, the plaintiff cannot be damaged by
their release. Whether the goods were partnership property
or not when the conveyance was made to Prickett, is imma-
terial. If any interest passed to him, it is not subject to the
debts of the firm. Whatever interest Prickett did not
acquire passed to John Knox by the conveyance to him of
the interest of Henry Knox, on the dissolution of the part-
nership on January 1. The conveyance by the partners
to Prickett did not have the effect of impressing upon the
property the character of partnership property permanently,
so that neither partner could afterwards acquire in it an
interest in severalty which would be exempt from execution.
Nor can we see how Prickett's claim can in any way
change the duty of the sheriff. If it was valid, it protected
the goods from execution. If it was invalid, or so far as it
was invalid, the goods belonged to the execution debtor,
and were exempt. Henry Knox had confessedly conveyed
to the execution debtor all his interest in them before the
levy of the attachment.

Though partnership property is not subject to exemption,
it does not follow that property subject to execution at
the time a debt is contracted must remain so until the debt
is collected. If the stock in trade of a firm, by the terms
of the dissolution, becomes the sole property of the one who

continues in the business, there seems to be no reason why he may not select it as exempt from execution ; and the sheriff, when required to release it, has nothing to do with the fact that the attachment on which it is seized is for an indebtedness of the firm created whilst the goods were partnership property. A partner may have an equity to have partnership debts paid out of the partnership property, but a creditor of the partnership has no lien, as such, upon the partnership goods. The sheriff, in the present case, in deciding that the property which he had taken from the sole possession of John Knox, as his separate property, was exempt from execution, did not undertake to decide the rights of Prickett. The property was not given up to Prickett, but to John Knox. If it did not belong to John Knox, it was not subject to execution under this judgment, which was against him alone. If it did belong to John Knox, it was exempt, and the sheriff was bound to deliver it to him at once, upon his claim.

The judgment is affirmed. All the judges concur.